CONTINENTAL CASUALTY CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 4865.   Decided July 2, 1929.   (279 P. 509.)

George H. Smith, R. B. Porter, J. V. Lyle, and W. Hal. Farr, all of Salt Lake City, for plaintiffs.

George P. Parker, Atty. Gen., and M. Logan Rich, Asst. Atty. Gen., for defendant Commission.

C. N. Leatherbury, of Eureka, for defendant Tasker.

CHERRY, C. J.

Adolph Tasker, while in the course of his employment by Tintic Standard Mining Company, was killed by accident on June 25, 1928. At the time of his death he was earning $38.50 per week. His father and two sisters, claiming to be dependent upon him, made application to the Industrial

Commission for compensation under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165). After a hearing the Industrial Commission made findings that the deceased employe had for several years previous to his death made regular contributions amounting to approximately $12 per week for the maintenance and support of his father and sisters and that they were partially dependent upon him for maintenance and support, and awarded them compensation at the rate of $12 per week for 312 weeks to be paid by the employer or its insurer. By this proceeding the employer and insurer have brought the record here for review, contending that the award should be annulled upon the grounds that there is no substantial evidence to support the findings of dependency upon the part of the relatives to whom compensation was awarded.

The evidence relating to the matter in question was that the deceased employe at the time of his death was 22 years of age. He was living at Eureka, Utah, with his father and two sisters. His father, a widower, was 52 years of age, and was partially disabled by disease. His sisters were, respectively 15 and 18 years of age, and the latter was in poor health and unable to earn her living. For five years next preceding January, 1927, the deceased employe had made contributions towards the support of the family referred to amounting to about $120 per month. In January, 1927, for lack of employment at home, he left Eureka and went to California and Arizona seeking employment and was gone until May 29, 1928. During his absence he sent $130 home to aid in the support of the family. Upon his return to Eureka he entered the employment of Tintic Standard Mining Company on May 30, 1928, and continued in such employment until June 25, 1928, the date of his death. During the period of his last employment he was paid $77 in wages, of which amount he contributed $70 towards the support of the family.

We think this evidence fully sustains and supports the finding of partial dependency, and that the award of com-

pensation made by the commission is not objectionable for lack of substantial evidence to support it.

AWARD AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAÏM HANSON, and FOLLAND, JJ., concur.